UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE R.R.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALFIORNIA CITY DENTENTION CENTER,<br><br>Respondent. | No. 1:26-cv-07794-MKD<br><br>A# 207-960-065<br><br>ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART AND REQUIRING BOND HEARING |

Petitioner, an immigration detainee at the California City Detention Center proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. For the reasons discussed below, the Court grants the petition in part and orders Respondent to provide Petitioner an individualized bond hearing under 8 U.S.C. § 1226(a).

**BACKGROUND**

On January 31, 2019, Petitioner was arrested for possessing more than two ounces but not more than four ounces of marijuana in violation of Texas Health and Safety Code § 481.121(b)(2). ECF No. 5-2 at 5. He pleaded guilty and the

case resulted in deferred adjudication and community supervision on April 28, 2021. *Id.* at 6-7. He successfully completed that supervision on October 27, 2022. ECF No. 1 at 12.

Petitioner alleges that he complied with his reporting requirements until ICE detained him at a scheduled check-in on July 23, 2026. ECF No. 1 at 8. He maintains that he has not received an individualized hearing concerning his continued detention. *Id.* Respondent contends that the Texas marijuana conviction subjects Petitioner to mandatory detention under 8 U.S.C. § 1226(c)(1)(A). ECF No. 5 at 2-3. Petitioner requests release under his previous conditions of supervision. ECF No. 6 at 2. He alternatively requests a custody hearing. ECF No. 1 at 7.

## DISCUSSION

### A. Mandatory Detention

Section 1226(c)(1)(A) requires detention of noncitizens who are inadmissible because of an offense identified in 8 U.S.C. § 1182(a)(2). Respondent relies on § 1182(a)(2)(A)(i)(II), ECF No. 5 at 2, which addresses violations of laws relating to a controlled substance as defined by federal law. To render Petitioner inadmissible under § 1182(a)(2)(A)(i)(II), the offense must relate to a substance controlled under federal law. *Madrigal-Barcenas v. Lynch*, 797 F.3d 643, 644-45 (9th Cir. 2015). Section 1182(a)(2)(A)(i)(II) incorporates the

federal definition of a controlled substance, which encompasses substances listed in the federal drug schedules. 21 U.S.C. § 802(6). To determine whether a state conviction satisfies that requirement, the Court applies the categorical approach. *See Madrigal*, 797 F.3d at 644-45. That approach "looks to the statutory definition of the offense of conviction, not to the particulars of a [non-citizen's] behavior." *Mellouli v. Lynch*, 575 U.S. 798, 805 (2015).

A state drug statute is "categorically overbroad if it includes substances other than those listed in the federal [Controlled Substances Act]." *United States v. Bautista*, 989 F.3d 698, 704 (9th Cir. 2021). The state and federal definitions need not differ substantially. As the Ninth Circuit explained when addressing a state statute covering additional substances, "it is the fact, not the degree, of over inclusiveness that matters." *Madrigal-Barcenas*, 797 F.3d at 645. Thus, a state conviction for marijuana possession does not categorically establish a federally controlled substance offense if the governing state definition includes hemp that federal law excludes. *See Bautista*, 989 F.3d at 705.

Respondent argues that the Texas offense is a categorical match because Texas and federal law both exclude hemp from their definitions of marijuana. ECF No. 5 at 2-3. That comparison overlooks the Texas law governing Petitioner's conviction. While Texas excluded hemp effective June 10, 2019, that amendment applies prospectively to offenses committed after its effective date. *Smith v. State*,

620 S.W.3d 445, 453 (Tex. App. 2020). Petitioner committed the offense on January 31, 2019. ECF No. 5-2 at 5. The offense therefore remained subject to the earlier definition, which included hemp. The fact that his guilty plea and deferred adjudication occurred in April 2021 does not make the later definition applicable to his January 2019 offense. Federal law had already excluded hemp effective December 20, 2018. *See* Agriculture Improvement Act of 2018, Pub. L. No. 115-334, § 12619(a), 132 Stat. 4490, 5018; *Bautista*, 989 F.3d at 704 ("Prior to 2018, the federal [Controlled Substances Act] defined 'marihuana' to include hemp."); *see also* 7 U.S.C. § 1639o(1) (exclusion covers cannabis containing no more than 0.3 percent delta-9 tetrahydrocannabinol on a dry weight basis). Consequently, the Texas law governing Petitioner's offense prohibited possession of cannabis that federal law no longer treated as marijuana.

The timing of these amendments matters because the categorical comparison uses historical federal drug schedules, rather than those in effect during removal proceedings. *Medina-Rodriguez v. Barr*, 979 F.3d 738, 749 (9th Cir. 2020). Although the Ninth Circuit has left unresolved whether the precise comparison date is the date of the offense, arrest, or conviction, *Tellez-Ramirez v. Garland*, 87 F.4th 424, 428 n.1 (9th Cir. 2023), because federal law excluded hemp before Petitioner's January 2019 offense and arrest and his April 2021 guilty plea, the Court need not choose among those dates, *see id.* (declining to resolve that choice

because the state statute covered more substances than federal law at every potentially relevant time). As in *Bautista*, the governing state definition included hemp, while the applicable federal definition expressly excluded it. 989 F.3d at 705. Petitioner's marijuana conviction therefore does not satisfy the federal controlled substance requirement on which Respondent relies.

Respondent also argues that Petitioner must identify actual prosecutions demonstrating that Texas applies its statute more broadly than federal law. ECF No. 5 at 2. An actual prosecution is unnecessary when the statutory text expressly defines the offense more broadly than its federal counterpart. *Lopez-Aguilar*, 948 F.3d at 1147. Because the governing Texas definition included hemp that federal law excluded, the overbreadth follows from the statutory definitions themselves.

Petitioner's marijuana conviction therefore does not establish the mandatory detention ground Respondent asserts. Respondent identifies no other basis for mandatory detention. Petitioner's detention is thus governed by § 1226(a).

**B. Bond Hearing**

Noncitizens detained under § 1226(a) ordinarily receive a bond hearing at the outset of detention. *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Petitioner has received no such hearing. Because § 1226(a), rather than § 1226(c), governs Petitioner's detention, he is entitled to an individualized determination of whether he should be detained or released pending removal proceedings. The

Court will therefore order a prompt bond hearing at which an immigration judge can assess whether continued detention is justified by flight risk or danger to the community. *See Barrantes Montiel v. Warden*, No. 1:26-cv-07175 (E.D. Cal. Sept. 17, 2026), ECF No. 8 at 3.

Petitioner's prior release also informs the burden of proof at that hearing. He alleges that he remained under supervision for approximately three years and complied with his reporting requirements before his re-detention. ECF No. 1 at 8; ECF No. 6 at 2. Respondent does not dispute those allegations or identify an individualized determination supporting his present confinement. Requiring Respondent to justify renewed detention recognizes that immigration authorities previously determined that release was appropriate. *See Pereira v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-03678 (E.D. Cal. Aug. 6, 2026), ECF No. 15 at 3.

On this record, the Court will require Respondent to establish by clear and convincing evidence that Petitioner presents a flight risk or danger to the community sufficient to justify continued detention. *See Okoroafor v. Warden of the Central Valley Annex Detention Facility*, No. 1:26-cv-06763 (E.D. Cal. Sept. 18, 2026), ECF No. 9 at 2.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **GRANTED**

**in part**, as set forth below.

2. **Within ten days of this Order**, unless Petitioner requests a later date, Respondent **SHALL** provide Petitioner an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a). At that hearing, "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community" to justify detention without bond. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

3. In determining conditions of release and setting any bond, the immigration judge **SHALL** consider Petitioner's financial circumstances and alternative conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. Respondent **SHALL** provide Petitioner at least 72 hours' written notice of the hearing in a language he understands. Petitioner **SHALL** be permitted to appear and be represented by counsel. Any counsel appearing on his behalf **SHALL** also receive at least 72 hours' notice.

5. Respondent **SHALL** provide a copy of this Order to the immigration judge presiding over the bond hearing and arrange for the hearing to be recorded.

6. If Respondent does not provide the required hearing within ten days, absent an extension requested by Petitioner, Respondent **SHALL** immediately release him.

7. The Clerk of Court is directed to serve the California City Detention Center with a copy of this Order.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Petitioner and **CLOSE** this case.

DATED October 29, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE